Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Saul Tiscareno; | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| The Travis Law Firm, PLC; and Chandler W. Travis; | |
| Defendants. | (Jury Trial Demanded) |

## I.  Preliminary Statement

1.  Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks recovery of statutory damages, actual damages, costs and attorney's fees.

## II.  JURISDICTION

2.  Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.

1   Venue lies in the Phoenix Division of the District of Arizona as

2   Plaintiff's claims arose from acts of the Defendants perpetrated

3   therein.

4   ### III.  PARTIES

5   3.   Plaintiff resides in Maricopa County, Arizona.

6   4.   Plaintiff is a natural person allegedly obligated to pay a debt.

7   5.   Plaintiff is a "consumer" as that term is defined by FDCPA §

8        1692a(3).

9   6.   Defendant The Travis Law Firm, PLC (hereinafter "The Firm") is an

10       Arizona professional limited liability company doing business

11       within the State of Arizona as a collection law firm.

12   7.   The Firm collects or attempts to collect debts owed or asserted to

13        be owed or due another.

14   8.   The Firm is a "debt collector" as that term is defined by FDCPA §

15        1692a(6).

16   9.   Defendant Chandler W. Travis (hereinafter "Travis") is an individ-

17        ual licensed as an attorney to practice law within the State of

18        Arizona.

19   10.  Travis collects or attempts to collect debts owed or asserted to be

20        owed or due another.

21   11.  Travis is a "debt collector" as that term is defined by FDCPA §

22        1692a(6).

23   12.  At all times relevant herein, Travis managed and supervised the

24        day to day collection activities of The Firm.

25

**IV.  Factual Allegations**

13.  The nature of the subject debt is homeowners association dues and fees, which were incurred for family, personal or household purposes.

14.  On or about February 14, 2012, The Firm mailed or caused to be mailed to Plaintiff a collection letter concerning homeowners dues and fees allegedly owed to Laredo Ranch Homeowners Association. A copy of the February 14, 2012 letter is attached hereto as Exhibit A.

15.  Upon information and belief, Exhibit A was personally reviewed and signed by Travis prior to it being sent to Plaintiff.

16.  Defendants state in part in Exhibit A that:

> If you do not remit payment for the delinquent assessments, late fees, attorney's fees and costs in the amount of $3,337.60 within thirty (30) days after receipt of this letter, a Lawsuit will be filed against you.

17.  Defendants further state in Exhibit A that:

> If you notify us within the thirty-day period that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the Judgment against you and we will mail you a copy of such verification or Judgment; and

> Upon request within the thirty-day period, we will mail you the name and address of the original creditor, if different from the current creditor.

18.  Exhibit A fails to inform Plaintiff that in order to obtain verification of the alleged debt and/or the identity of the original creditor the request must be "in writing." *See Bicking v. Law Offices of*

1     *Rubenstein and Cogan*, 783 F.Supp.2d 841 (E.D.Va. 2011).

2     19.   Preceding this statement, Defendants state in Exhibit A that:

3           As of the date of this letter, you owe $3,337.60
            (the "debt") to Laredo Ranch (the "creditor".)
4           Because of interest, late fees, accruing assess-
            ments, attorneys' fees and other charges that
5           may vary from day to day, the amount due on
            the day you pay may be greater. If you pay the
6           amount shown above, an adjustment may be
            necessary after we receive your payment. In
7           such an event, we will notify you of any addi-
            tional amount due. You will be charged for any
8           additional communications from this firm. We
            recommend contacting our office before sending
9           your payment to be certain you remit the full
            balance due;

10

11    20.   After receiving Exhibit A, and within the 30 day window to dispute

12          the debt, on March 14, 2012, Plaintiff faxed a letter to Defendants

13          requesting verification of the debt.

14    21.   The Firm sent Plaintiff a second letter also dated March 14, 2012,

15          together with a Account Statement and Settlement Statement. A

16          copy of the March 14, 2012 letter and the attachments are

17          attached hereto as Exhibit B.

18    22.   Upon information and belief, Exhibit B was personally reviewed by

19          Travis and approved prior to it being sent to Plaintiff.

20    23.   In Exhibit B, Defendants state in part:

21          If you have any further questions on this matter,
            please contact me. As previously advised, if
22          payment in full is not received within thirty (30)
            days from our initial letter, a Lawsuit will be filed
23          against you.

24    24.   In the Settlement Statement attached as part of Exhibit B,

25          Defendants show a charge of $250.00 for the "Initial Demand

1    Letter" sent to Plaintiff and attached hereto as Exhibit A.

2    25.   In the Settlement Statement attached as part of Exhibit B,

3          Defendants show a charge of $50.00 for "Proof of Debt Letter"

4          which was sent to Plaintiff and attached hereto as Exhibit B.

5    26.   At the time Exhibits A and B were sent to Plaintiff, Defendants had

6          already sued Plaintiff in a 2009 law suit which included some of the

7          same charges for which Defendants are attempting to collect in

8          Exhibits A and B.

9    27.   As a result and proximate cause of Defendants' actions, Plaintiff

10         has suffered actual damages, including, but not limited to,

11         emotional distress.

12                          **V.  Causes of Action**

13                  **a. Fair Debt Collection Practices Act**

14   28.   Plaintiff repeats, realleges, and incorporates by reference the

15         foregoing paragraphs.

16   29.   Defendants' violations of the FDCPA include, but are not necessar-

17         ily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B),

18         1692e(5), 1692e(10), 1692f(1), 1692g.

19   30.   As a direct result and proximate cause of Defendants' actions in

20         violation of the FDCPA, Plaintiff has suffered actual damages.

21                     **VI.  DEMAND FOR JURY TRIAL**

22         Plaintiff hereby demands a jury trial on all issues so triable.

23                       **VII.  PRAYER FOR RELIEF**

24         WHEREFORE, Plaintiff requests that judgment be entered against

25   Defendants for:

a)   Actual damages under the FDCPA;

b)   Statutory damages under the FDCPA;

c)   Costs and reasonable attorney's fees pursuant to the FDCPA; and

d)   Such other relief as may be just and proper.


DATED   March 27, 2012  .


                                    s/ Floyd W. Bybee
                                Floyd W. Bybee, #012651
                                **BYBEE LAW CENTER, PLC**
                                90 S. Kyrene Rd., Ste. 5
                                Chandler, AZ 85226-4687
                                Office: (480) 756-8822
                                Fax: (480) 302-4186
                                floyd@bybeelaw.com

                                Attorney for Plaintiff

- 6 -